# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 17-1831V**
UNPUBLISHED

---

AFSHIN KHAN,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

---

Chief Special Master Corcoran

Filed: January 13, 2020

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Influenza (Flu) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*

*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On November 22, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury as a result of receiving an influenza ("flu") vaccination on October 4, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 23, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her left shoulder injuries. On January 6, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $81,013.87, representing $80,000.00 for Petitioner's pain and suffering and

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$1,013.87 for Petitioner's unreimbursable expenses.[3]  Proffer at 2.  In the Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $81,013.87, representing $80,000.00 for Petitioner's pain and suffering and $1,013.87 for Petitioner's unreimbursable expenses in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] It appears these amounts are for Petitioner's actual (past) pain and suffering and actual (past) unreimbursable expenses, rather than any projected (future) amounts.  However, the Proffer does not provide these details but only the category of compensation.  Proffer at 2.  Additionally, while Respondent agrees upon the amount of compensation set forth in the Proffer, he specifically reserves his right to seek review of former Chief Special Master Dorsey's ruling on entitlement issued on August 23, 2019.  *Id.* at 1 n.1. (citation omitted).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| AFSHIN KHAN, | ) | |
| | ) | No. 17-1831V |
| Petitioner, | ) | Chief Special Master |
| v. | ) | Nora Beth Dorsey |
| | ) | SPU |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 19, 2019, respondent filed a Vaccine Rule 4(c) Report advising that, in light of former Chief Special Master Dorsey's fact ruling finding onset of petitioner's alleged Shoulder Injury Related to Vaccine Administration ("SIRVA") within 48 hours of vaccination, and the medical evidence submitted in this case, respondent would not defend the case on other grounds during proceedings before the Office of Special Masters.  Thereafter, on August 23, 2019, former Chief Special Master Dorsey issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her SIRVA.

### I.    Amount of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded **$81,013.87**.[1]  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

---

[1] The parties have no objection to the amount of the proffered award of damages.  Assuming the special master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the former Chief Special Master's August 23, 2019 entitlement decision.

**II.     Form of the Award**

The parties recommend that the compensation provided to petitioner be made through a lump sum payment as described below, and request that the Chief Special Master's damages decision and the Court's judgment award the following:[2]

(A)     <u>Petitioner's Damages</u>

A lump sum payment of **$81,013.87** (comprised of $80,000.00 for pain and suffering and $1,013.87 for unreimbursable expenses) in the form of a check payable to petitioner, Afshin Khan.

(B)     <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

   s/Althea Walker Davis
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-0515

DATED:  January 6, 2020