# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 17-1831V
(not to be published)

| | |
|---|---|
| AFSHIN KHAN, | Chief Special Master Corcoran |
| Petitioner, | Filed: March 13, 2020 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs |
| Respondent. | |

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.*

*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 22, 2017, Afshin Khan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury as a result of receiving an influenza ("flu") vaccination on October 4, 2016. (Petition at 1). On January 9, 2020, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 54).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated February 25, 2020 (ECF No. 59), requesting a total award of $43,293.08 (representing $42,507.80 in fees and $785.28 in costs). In accordance with General Order #9 Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 59-3). Respondent reacted to the motion on March 10, 2020 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 60). On March 11, 2020, Petitioner filed a reply requesting the fees and costs be awarded in full. (ECF No. 61).

I have reviewed the billing records submitted with Petitioner's request.  In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

2

## ATTORNEY FEES

A.  Hourly Rates

Petitioner requests the following rates of compensation for the work of his attorneys: for Altom Maglio, $381.00 per hour for work performed in 2018, $400.00 for work performed in 2019; for Danielle Strait, $322.00 per hour for work performed in 2018; for Brent Elswick, $323 per hour for work performed in 2018, $335 for work performed in 2019; and for Ms. Alison Haskins, $387 for work billed in 2019. (ECF No. 34-1 at 19). Petitioner also requests rates ranging from $145.00 per hour to $154.00 per hour for paralegal work, depending on the individual paralegal and the year of the work. (*Id*). The rates requested are consistent with what Maglio Christopher and Toale, PA attorneys and paralegals have been awarded for their work in the Vaccine Program. Accordingly, no adjustment to the requested rates is necessary.

For time billed in 2020, Ms. Haskins is requesting the increased rate of $414.00 per hour for his time billed and the rate of $160 for time billed by his paralegals. Based on my experience I find the requested increase for time billed in 2020 to be reasonable and award it herein.

## ATTORNEY COSTS

Petitioner requests $785.28 in overall costs.  (ECF No. 61). This amount is comprised of obtaining medical records, travel costs and the Court's filing fee. I have reviewed all of the requested costs and find the overall amount to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Accordingly, I  hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$43,293.08** (representing $42,507.80 in fees and $785.28 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.[3] In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[4]

---

[3] Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
